1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   SHANNON MILLER,
                                   NO. 2:09-cv-01687 MCE KJM
12          Plaintiff,

13      v.                         <u>MEMORANDUM AND ORDER</u>

14   MAYERS MEMORIAL HOSPITAL; LES
     DEVIES, D.O.; UNITED STATES OF
15   AMERICA,

16          Defendants.

17                        ----oo0oo----

18

19      In this medical malpractice action, Plaintiff Shannon Miller

20   ("Plaintiff") seeks redress for a perforated colon she suffered

21   while undergoing surgery in April of 2008 for a tubal ligation.

22   Plaintiff's lawsuit, initially filed in the Superior Court of the

23   State of California for the County of Shasta, named Mayer

24   Memorial Hospital ("Hospital"), Dr. Les Devies ("Devies"), and

25   Dr. Thomas Watson ("Watson") as Defendants.

26   ///

27   ///

28   ///

                                 1

The United States ("Government") subsequently substituted as a
Defendant on Watson's behalf upon certifying that Watson was
acting within the scope of his employment with the Government
when performing Plaintiff's surgery.  Concurrently with that
certification, the Government removed the action, pursuant to
28 U.S.C. § 2679(d), on June 15, 2009.

Presently before the Court is the Government's Motion to
Dismiss for lack of subject matter jurisdiction under Federal
Rule of Civil Procedure 12(b)(1).[1]  The Government's Motion is
predicated on the argument that Plaintiff has not exhausted
administrative remedies under the Federal Tort Claims Act,
28 U.S.C. § 1346 et seq. ("FTCA") against Watson, as a government
employee, and consequently cannot maintain this action.  For the
following reasons, the Government's Motion will be granted.

**BACKGROUND**

On or about April 2, 2008 Plaintiff underwent tubal ligation
surgery at Mayer Memorial Hospital.  Watson performed the surgery
and Devies served as first assistant surgeon.  Compl., ¶ 11.
Plaintiff alleges that during the surgery, Watson perforated her
colon, and that the perforation resulted in a post-operative
infection.  *Id.* at ¶ 15.
///
///
///

---

[1] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

1    Watson is an employee of the Mountain Valleys Health Center,
2    which is a federally supported health center.   Although
3    Plaintiff's counsel appears to assert he did not know that Watson
4    was a federal employee until after he filed the state court
5    medical malpractice action on April 1, 2009, evidence submitted
6    by the Government in support of its Motion shows that the day
7    before Plaintiff filed suit she signed an Administrative Claim
8    with the Department of Health and Human Services, which was
9    subsequently filed on April 2, 2009.  (*See* Exs. "B" and "C" in
10   Support of the Government's Motion).[2]   It is undisputed that no
11   action has been taken to date on Plaintiff's Administrative
12   Claim.

13       On June 15, 2009, upon the Government's formal certification
14   that Watson was acting in his capacity as a federal employee, the
15   instant action was removed here.

16

17                              **STANDARD**

18

19       Federal Courts are presumptively without jurisdiction over
20   civil actions, and the burden of establishing the contrary rests
21   upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life*
22   *Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d
23   391 (1994).  Lack of subject matter jurisdiction is never waived
24   and may be raised by either party or the court at any time.
25   ///

26
27       [2] As set forth below, on a Rule 12(b)(1) Motion challenging
     subject matter jurisdiction on a factual basis, like the present
28   Motion, the court may properly consider extrinsic evidence beyond
     the allegations of the complaint.

                                    3

1  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d.

2  593, 594-95 (9th Cir. 1996).  Lack of subject matter jurisdiction

3  may be raised by the district court *sua sponte*: "Nothing is to be

4  more jealously guarded by a court than its jurisdiction."  *In re*

5  *Mooney*, 841 F.2d. 1003, 1006 (9th Cir. 1988).

6  In moving to dismiss for lack of subject matter jurisdiction

7  pursuant to Rule 12 (b)(1), the challenging party may either make

8  a facial attack on the allegations of jurisdiction contained in

9  the complaint or can instead take issue with subject matter

10  jurisdiction on a factual basis.  *Thornhill Publ'g Co. v. Gen.*

11  *Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen*

12  *v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.

13  1977).

14  If the motion constitutes a facial attack, the Court must

15  consider the factual allegations of the complaint to be true.

16  *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981);

17  *Mortensen*, 549 F.2d at 891.  If the motion constitutes a factual

18  attack, however, "no presumptive truthfulness attaches to

19  plaintiff's allegations, and the existence of disputed material

20  facts will not preclude the trial court from evaluating for

21  itself the merits of jurisdictional claims."  *Thornhill*, 594 F.2d

22  at 733 (quoting *Mortensen*, 549 F.2d at 891).  The court may

23  properly consider extrinsic evidence in making that

24  determination.  *Velasco v. Government of Indonesia*, 370 F.3d 392,

25  398 (4th Cir. 2004).

26  ///

27  ///

28  ///

4

**ANALYSIS**

The Government asserts that Plaintiff has failed to comply with § 2675(a) of the FTCA, which requires that an action under the FTCA cannot be initiated until an administrative claim has been denied or the agency failed to act on the claim within six months. *Sparrow v. USPS*, 825 F. Supp. 252, 253 (E.D. Cal. 1993). An FTCA action may not be filed if administrative remedies have not been exhausted, even if they are exhausted before substantial progress has been made in the litigation. *McNeil v. U.S.,* 508 U.S. 106, 113 (1993).

Plaintiff initially filed the action in the Superior Court of the State of California for the County of Shasta on April 1, 2009.  While Plaintiff claims that she did not know at the time she filed the action that Watson was a federal employee, that assertion is belied by the Administrative Claim under the FTCA signed by Plaintiff the day beforehand.  Moreover, even assuming that Plaintiff was indeed unaware of Watson's employment status, that lack of knowledge does not excuse compliance with § 2675(a). Despite Plaintiff's reliance on a New York district court decision to the contrary,[3] subsequent Supreme Court and Ninth Circuit case law explicitly requires compliance with the administrative procedures mandated by the FTCA.

///

///

///

---

[3] *See Van Lieu v. United States,* 542 F. Supp. 862 (N.D.N.Y. 1982).

1  *See McNeil*, 508 U.S. at 113 (requiring "strict adherence to the
2  procedural requirements" of § 2675(a)); *Cadwalder v. United*
3  *States*, 45 F.3d 297,300 (9th Cir. 1995) ("section 2675(a)
4  establishes explicit prerequisities to the filing of suit against
5  the Government in district court.  It admits of no exceptions.
6  Given the clarity of the statutory language, we cannot enlarge
7  that consent to be sued which the Government, through Congress,
8  has undertaken so carefully to limit.") (quoting *Jerves v. United*
9  *States*, 966 F.2d 517, 521 (9th Cir. 1992)).  The fact that
10 Plaintiff's Administrative Claim under the FTCA has not yet been
11 adjudicated prevents Plaintiff from commencing suit against
12 Watson as a federal employee.

13      Plaintiff asserts that granting the Government's Motion to
14 Dismiss would be wasteful and needless formalism, since "it is
15 substantially certain that the claim will be denied."  (Pl.'s
16 Opp., 2:2-3).  That contention is also misplaced.  "If the
17 claimant is permitted to bring suit prematurely and simply amend
18 his complaint after denial of the administrative claim the
19 exhaustion requirement would be rendered meaningless." *Sparrow*,
20 825 F. Supp. at 255.  In *Sparrow*, the plaintiff's administrative
21 claim was denied but the FTCA action was filed before the actual
22 denial.  The court granted the defendant's motion to dismiss
23 because it lacked subject matter jurisdiction at the time the
24 action was filed.
25 ///
26 ///
27 ///
28 ///

6

**CONCLUSION**

For the foregoing reasons, the Government's  Motion to Dismiss (Docket No. 5) is GRANTED, without prejudice, because this Court lacks jurisdiction until after Plaintiff's Administrative Claim under the FTCA has been adjudicated.[4]  The case is hereby remanded to the Superior Court of the State of California in and or the County of Shasta for further disposition with respect to the remaining defendants.

IT IS SO ORDERED.

Dated: September 17, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

_____

[4] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).